————o ◎ o————

## DILLAYE *vs.* WILSON and CRAFT.

In an action against W. and C. to recover the possession of one undivided tenth part of one hundred acres of land, the defendants put in separate answers. C. did not set up, in his answer, that he occupied and was in possession of only a portion of the land; that his occupation and possession were exclusive and in severalty; and that W. was in the exclusive occupation and possession of the remainder. The answer of W. contained the necessary allegations to entitle him to raise the objection that the action could not be maintained against the defendants jointly, and that the plaintiff was bound to elect, at the trial, against which he would proceed. The referee found that the plaintiff had title, in fee, to one undivided tenth part of the one hundred acres of land described in the complaint; but that W. and C. were not in the joint possession or occupancy of any portion of the land; that by a partition between themselves, W. took twenty acres and W. eighty acres thereof, and each entered into the exclusive possession of his share.

*Held* 1. That C. had, by his answer, waived the objection that the plaintiff could not maintain the action against him and W. jointly, and that the plaintiff was bound to elect, at the trial, against which he would proceed.

2. That the defendants could not demur to the complaint on the ground that several causes of action had been improperly united, for the reason that it did not appear on the face thereof that several causes of action had been so united.

3. That the plaintiff was entitled to recover against C.; and that the referee erred in giving judgment in favor of C.

4. That there was nothing in the case to prevent the plaintiff from electing to proceed against W.; and that he might do so, on a retrial of the action,

Dillaye *v.* Wilson.

The section of the revised statutes which provides that "when the action is against several defendants, if it appear on the trial that any of them occupy distinct parcels in severalty, or jointly, and that other defendants possess other parcels in severalty, or jointly, the plaintiff shall elect, at the trial, against which he will proceed; which election shall be made before the testimony in the cause shall be deemed closed; and a verdict shall thereupon be rendered for the defendants not so proceeded against," was not repealed by the code of procedure; but relates to the subject matter of the action, and is retained in force by section 455 of the code.

APPEAL by the plaintiff from two judgments rendered against him in favor of the defendants, separately and severally, for costs.

The action was brought to recover the possession of one undivided tenth part of 100 acres of land situated in Chenango county. The defendants interposed separate answers by different attorneys. The action was tried before a referee, who reported in favor of the defendants, and upon his report the two judgments appealed from by the plaintiff, were entered in the office of the clerk of Chenango county.

*Daniel Pratt*, for the plaintiff.

*D. K. Bourne*, for the defendant Craft.

*Lewis Kingsley*, for the defendant Wilson.

*By the Court*, BALCOM, J. The plaintiff proved, and the referee found, that the plaintiff had title in fee to one undivided tenth part of the 100 acres of land described in the complaint, and for which tenth part judgment was demanded in the complaint. But the referee also found that the defendants were not in the joint possession or occupancy of any portion of the land. That they partitioned the same between them prior to the commencement of the action; by which partition the defendant Wilson took twenty acres and entered into the exclusive possession of the same, and the defendant Craft took eighty acres and entered into the exclusive possession of the same. The partition was made by the

defendants executing quitclaim deeds to each other; and the division line was indicated by a fence erected and maintained thereon.

The referee decided that the plaintiff could not recover against both defendants, because they did not jointly possess or jointly occupy any portion of the land when the action was commenced; and that he could not recover against either defendant, for the reason that he did not elect on the trial which he would proceed against.

It is clear that the plaintiff could have maintained an action for one undivided tenth part of 20 acres of the land, against the defendant Wilson separately, and another for a like interest in eighty acres of the land against the defendant Craft separately.

The referee was governed by the section of the revised statutes, which provides that "when the action is against several defendants, if it appear on the trial, that any of them occupy distinct parcels in severalty, or jointly, and that other defendants possess other parcels in severalty, or jointly, the plaintiff shall elect at the trial against which he will proceed; which election shall be made before the testimony in the cause shall be deemed closed; and a verdict shall thereupon be rendered for the defendants not so proceeded against." (2 *R. S.* 307, § 29.)

It is claimed on the part of the plaintiff that the above provision has been repealed by the code, which provides that, "any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved." (§ 118.) Again, that "the court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights." (§ 122.) Further, that "If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant, or

defendants, if the action had been against them or any of them alone." (§ 136, *sub.* 3.) Also, that "Judgment may be given for or against one or more of several plaintiffs, and for or against one or.more of several defendants, and it may determine the ultimate rights of the parties on each side as between themselves; and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper." (§ 274.)

But the provision of the revised statutes which I have quoted relates to the subject matter of the action, and is retained in force by section 455 of the code. That section is as follows: "The general provisions of the revised statutes, relating to actions concerning real property, shall apply to actions brought under this act, according to the subject matter of the action without regard to its form."

If all the facts in the case respecting the occupancy of the land by the defendants in severalty had been truly stated in the complaint, they could have demurred to it on the ground "that several causes of action had been improperly united." (*See Code,* § 144; *Id.* § 167, *sub.* 5, *and last paragraph of that section.*) But when a demurrer is allowed on the above mentioned ground, "the court may, in its discretion, and upon such terms as may be just, order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action therein mentioned." (*Code,* § 172.)

The defendants could not demur to the complaint on the above mentioned ground, for the reason that it did not appear "upon the face thereof," that several causes of action had been improperly united. (*Code,* § 144.) But by section 147 of the code, "when any of the matters enumerated in section 144 do not appear upon the face of the complaint, the objection may be taken by answer." And it is further pro-

vided by the next section, that "If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." (*Code*, § 148.)

The defendant Craft did not set up in his answer that he occupied and was in possession of only eighty acres of the land, and that his occupation and possession were exclusive and in severalty, and that the defendant Wilson was in the exclusive occupation and possession of the remaining twenty acres; and of course the defendant Craft waived the objection that the plaintiff could not maintain the action against him and the defendant Wilson jointly, and that the plaintiff was bound to elect at the trial against which he would proceed. This view of the case is sustained by the decision of the court of appeals in *Fosgate* v. *The Herkimer Manufacturing and Hydraulic Co.*, (2 *Kernan*, 580.)

It follows that the plaintiff was entitled to recover against the defendant Craft, and that the referee erred in giving judgment in favor of such defendant.

But the answer of the defendant Wilson contains the necessary allegations to entitle him to raise the objection that the action could not be maintained against the defendants jointly, and that the plaintiff was bound to elect at the trial against which he would proceed.

There is however nothing in the case to prevent the plaintiff electing to proceed against the defendant Wilson; and he may do so on a re-trial of the action.

My conclusion therefore is, that the judgment in favor of Wilson, as well as the one in favor of his co-defendant, should be reversed, and a new trial granted; costs to abide the event.

Decision accordingly.

[BROOME GENERAL TERM, January 24, 1865.   *Parker, Mason* and *Balcom*, Justices.]